**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MUND & FESTER GMBH & CO KG a/s/o )<br>SOCIEDAD AGRICOLA DROKASA S.A. )<br>and YEX B.V., )<br>                                 )<br>       Plaintiff, )<br>v.                               )<br>                                 )<br>UNITED AIRLINES, INC. )<br>                                 )<br>       Defendant. ) | NO.   20-cv-3146 |

**COMPLAINT**

NOW COMES Plaintiff, MUND & FESTER GMBH & CO KG a/s/o SOCIEDAD AGRICOLA DROKASA S.A. and YEX B.V., by and through its attorneys, Leahy, Eisenberg & Fraenkel, Ltd., and for its Complaint against Defendant, UNITED AIRLINES, INC., states as follows:

1. This action arises out of the Montreal Convention, a Treaty to which the United States is a signatory. The Court has jurisdiction pursuant to 28 USC § 1331.

2. At all material times Defendants were and are present within the jurisdiction of this Honorable Court and transaction referred to hereinafter occurred with the jurisdiction of this Honorable Court.

3. At all material times, MUND & FESTER GMBH & CO KG. (hereinafter "M&F" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at Trostbrucke 1, Hamburg 20457 Germany, and is subrogated underwriter of the consignment of Fresh Asparagus, as more fully described below.

1

4. At all material times, SOCIEDAD AGRICOLA DROKASA S.A. (hereinafter "SAD" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at Car. Panamericana Sur Km. 312 - Fundo Santa Rita, Santiago - Ica - Ica, Peru, and was the owner and/or shipper of the consignment of Fresh Asparagus, as more fully described below.

5. At all material times, YEX B.V., (hereinafter "YEX" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at ABC Westland 120, 2685 DB, Poeldijk, The Netherlands, and was the owner and/or consignee of the consignment of Fresh Asparagus, as more fully described below.

6. At all material times, Defendant, UNITED AIRLINES INC., (hereinafter "UNITED" or "Defendant"), is a corporation with an office and place of business located at 233 South Wacker Drive, Chicago, IL 60606, and at all relevant times was and is doing business as an international carrier of merchandise by air within the jurisdiction of this Honorable Court.

7. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

## RELEVANT FACTS

8. This is a claim for damages to a consignment consisting of 500 boxes of Peruvian Fresh Asparagus, which were delivered to the Defendant in good order and condition to be carried from Lima, Peru to Amsterdam, The Netherlands, pursuant to air waybill number 016-0969-1905, undated.

9. The consignment was delivered to Defendant, United, on or around August 16, 2018 and was scheduled to be transported by United on August 17, 2018, under the aforementioned

air waybill issued with the instructions "Perishable…Top…Urgent…" and Keep…On…Refrigeration…".

10. When the cargo arrived at its intended destination on or around August 18, 2018, it was determined that the consignment had been exposed to high temperatures at some point of time during transit and while in the care, custody and control of the Defendant, resulting in the shipment showing severe damages and defects due to the shipment having been subjected to high temperature conditions. The asparagus presented signs of temperature abuse such as presence of mold growth on the tip of the spears, wet cut-ends and brownish discoloration, loss of turgidity and had to be sold rapidly to mitigate the loss. In short, the cargo had been damaged by being exposed to extreme high temperatures due to improper handling and care during the air transportation from Lima, Peru to Amsterdam, The Netherlands.

11. The product had a sound market value at destination of €13,750.00, less salvage proceeds obtained in the total amount of €1,375.00, for net damages suffered by Plaintiff in the total amount of €12,375.00, plus survey fees of €695.00, as a result of which Plaintiff's assureds SAD and/or YEX suffered damages due to temperature abuse damages to the Fresh Asparagus in the total amount of EUR 13,070 which, at the time of delivery, was the equivalent of damages in the total amount of $16,625.69.

12. The damage to the cargo was not the result of any act or omission on the part of the Plaintiff or its assureds but, to the contrary, was due solely as a result of the negligence, fault, neglect, breach of contract of carriage, and breach of bailment on the part of Defendant and/or its agents.

13. In accordance with the provisions of the Montreal Convention, written notice of the loss was provided to Defendant, United, within the time set forth in the Convention.

14. At all times relevant hereto, a contract of insurance for property damage was in effect between Plaintiff's assureds, SAD and YEX, and M&F, which provided coverage for, among other things, loss or damage to the subject consignment.

15. Pursuant to the aforementioned contract of insurance between Plaintiff's assureds, SAD and YEX, and M&F, monies have been expended on behalf of Plaintiff's assureds, SAD and YEX, to the detriment of M&F due to the damages sustained to the cargo during transit.

16. As M&F has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendant, M&F has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages against the Defendant.

17. By reason of the foregoing, Plaintiffs have been damaged in the amount of $16,625.69 for the subject shipment as nearly as presently can be estimated, no part of which has been paid, although duly demanded.

## AS AND FOR A FIRST CAUSE OF ACTION: BREACH OF CONTRACT

18. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" to "17", inclusive, as if set forth at length herein.

19. Defendant, its agents, servants and/or employees, issued the air waybill No. 016-0969-1905 in connection with their agreement to carry and/or to arrange for the transportation of the subject shipment from Lima, Peru to Amsterdam, The Netherlands.

20. Pursuant to the contract entered into between the parties, Defendant owed a contractual and statutory duty to the Plaintiff to carry, bail, and care for, protect and deliver the Plaintiff's cargoes in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

21. Defendant breached its contractual and statutory duties by failing to properly care for, bail and protect the Plaintiff's cargoes in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

22. While in the exclusive care, custody and control of Defendant, the cargo was damaged at some point in time during its carriage between Lima, Peru, and Amsterdam, The Netherlands. Defendant's failure to prevent the cargoes from being damaged was a breach of its duties and obligation under the aforementioned air waybills.

23. As a direct and proximate result of said breaches of contract by Defendant, Plaintiff has suffered damages in the amount presently estimated to be no less than $16,625.69.

24. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $16,625.69.

## AS AND FOR A SECOND CAUSE OF ACTION - BREACH OF BAILMENT

25. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" to "24", inclusive, as if set forth at length herein.

26. At all material times, Defendant was charged with the exclusive care, custody and control over the aforementioned consignment.

27. Defendant breached its duties as a bailee for hire by failing to properly carry bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

28. Defendant did not deliver the shipment in the same order and condition as required and breached its duties as bailee.

5

29. As a direct and proximate result of the breach of bailment by Defendants, Plaintiff has suffered damages in the approximate amount of $16,625.69.

30. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $16,625.69.

## AS AND FOR A THIRD CAUSE OF ACTION - NEGLIGENCE

31. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" to "30", inclusive, as if set forth at length herein.

32. Defendant owed a duty to the Plaintiff to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

33. Defendant breached and was negligent in its duty to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

34. As a direct and proximate result of the negligence of Defendant and their agents, Plaintiff has suffered damages in the approximate amount of $16,625.69.

45. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $16,625.69.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiffs' damages in the amount of at least $16,625.69, together with interest, costs and the disbursements of this action; and

3. That this Court grant to Plaintiffs such other and further relief as may be just and proper.

Respectfully submitted,

**LEAHY, EISENBERG & FRAENKEL, LTD.**

By: /s/ *Scott Wing*
*Attorneys for Mund & Fester Gmbh & Co Kg a/s/o Sociedad Agricola Drokasa S.A. and YEX, B.V.*

**LEAHY, EISENBERG & FRAENKEL, LTD.**
Scott Wing (sw@lefltd.com)
33 W. Monroe Street, Suite 1100
Chicago, Illinois 60603
Tel: 312-368-4554
Fax: 312-368-4562

\\lefpl\Prolaw Files\Documents\CASEY BARNETT, LLC\19701\PLEADINGS\703943.docx